### In re SOUTHWEST FLORIDA HEART GROUP, P.A., Debtor.

#### No. 9:05–bk–17167–ALP.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Jan. 18, 2008.

Jeffrey W. Leasure, Jeffrey W. Leasure, PA, Fort Myers, FL, for Debtor.

### ORDER ON JAMES CONRAD'S MOTION TO DETERMINE PRIORITY OF SECTION 502(H) CLAIM AND WILLIAM MILES' MOTION TO DETERMINE PRIORITY OF SECTION 502(H) CLAIM

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration in this confirmed Chapter 11 case of Southwest Florida Heart Group, P.A. ("the Debtor") is two Motions to Determine Priority of Section 502(h) Claims. The first Motion is filed by Dr. James Conrad ("Dr.Conrad") and the second is filed by Dr. William Miles ("Dr.Miles"), the holders of a claim allowed pursuant to Section 502(h) of the Bankruptcy Code.

The factual background as appear from the record and relevant to the resolution of the issue presented to this Court by the Motions filed by Doctors Conrad and Miles may be summarized as follows:

On August 30, 2006, Louis Amato, as the Chapter 11 Distribution Agent appointed for the bankruptcy estate of the Debtor filed his "Second Amended and Restated Chapter 11 Plan Dated as of August 30, 2006". (Doc. No. 482). Pursuant to this Court's Order Confirming Chapter 11 Plan (Doc. No. 538) on October 5, 2006, Louis Amato became the Distribution Agent. On October 27, 2006, the Distribution Agent initiated an adversary proceeding, Adv. Pro. No. 9:06–ap–00517–ALP against Dr. Miles, Dr. Conrad, and Michael A. Corbellini, D.O. (hereinafter, "the doctors"). The Complaint filed by the Distribution Agent was based on the claim that the monies the doctors had received within the 90 days preceding the commencement of the Chapter 11 case of the Debtor was an avoidable preference pursuant to Section 547(b) of the Bankruptcy Code. The claims sought recovery of certain monies paid to the doctors in excess of their monthly salaries.

Although the Distribution Agent made demands upon the Defendants for return of the excess of funds prior to the confirmation of the Debtor's Chapter 11 Plan, it is without dispute that the actual adversary was not filed until after the Second Amended and Restated Chapter 11 Liquidating Plan Dated as of August 30, 2006 ("Second Amended Plan"), was confirmed. In this connection it should be noted that the Second Amended Plan as confirmed clearly preserved the right of the Distribution Agent to litigate and attempt to recover additional funds for the benefit of the Debtor's estate.

The controversy between the Distribution Agent and the doctors was resolved when the parties entered into to a settlement agreement and on June 29, 2007, filed their Joint Motion to Compromise Controversies as to James A. Conrad, Michael A. Corbellini and William Miles. (Doc. No. 736). This Court of August 14, 2006, entered its Order Granting Joint Motion to Compromise Controversies as to James A. Conrad, Michael A. Corbellini and William Miles ("Order Granting Joint Motion to Compromise"). (Doc. No. 762).

The Order Granting Joint Motion to Compromise provided *inter alia* that both Dr. Miles and Dr. Conrad have an allowed claim pursuant to Section 502(h) of the Bankruptcy Code, and "any party to this settlement may file a Motion to Determine Priority" of their allowed Section 502 claim. The Order Granting Joint Motion to Compromise further provided that the priority issue shall be determined without discovery and without the necessity of live testimony strictly based on the record. Pursuant to the Order Granting Joint Motion to Compromise, this Court determined that Dr. Conrad and Dr. Miles each held a

Section 502(h) claim in the amounts of $74,990.09 and $60,734.08, respectively.

Dr. Conrad and Dr. Miles paid the Distribution Agent as part of the preference settlement the above-stated agreed upon amounts on behalf of the Debtor's estate and, based on the same, filed their claims, in their respective amounts as set forth above. However, the Order Granting Joint Motion to Compromise failed to determine the priority of the doctors' Section 502(h) claims and, therefore, the issue as presented to this Court is the determination of Dr. Miles and Dr. Conrad's right to distribution pursuant to the treatment they claim they received in the Confirmed Second Amended Plan considering the provision of Section 502(h) and the effect of that Section on the right to distribution.

It should be evident from the foregoing that before the impact of 502(h) is considered, it is appropriate to consider the impact of the Order of Confirmation and its *res judicata* effect on Dr. Miles and Dr. Conrad's rights to distribution.

The Second Amended Plan provides in Paragraph 1.14 the definition of claims. And according to the definition it means:

"Claim" means (a) any right to payment (including, without limitation, a guarantee) from the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, sole, joint, several, joint and several, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance of such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured. The term "Claim" when used with respect to litigation also includes any claim which has been or could be asserted in the litigation. Notwithstanding anything to the contrary contained herein, for purpose of this Plan, the term "Claim" shall be given the broadest possible meaning permitted y the Bankruptcy Code and applicable law, including, but not limited to, all manner and type of claim, whenever and wherever such claim may arise.

Second Amended and Restated Chapter 11 Liquidating Plan Dated as of August 30, 2006, Article I, Section C, Subsection 1.14.

The next relevant portion of the Second Amended Plan is the treatment of the claims under the Second Amended Plan as set forth in Article II entitled Designation of Classes of Claims. Specifically, Subsection 2.3 entitled Class 3: Non–Insider Unsecured Claims (Trade Claims) provided in part that "[c]lass 3 shall consist of the Allowed Claims of the Unsecured Claims of non-insiders, consisting mostly of traditional trade debt."

However, the relevant section of the Second Amended Plan for the purpose of this litigation is Subsection 2.7 entitled Class 5B: Insider Subordinated Unsecured Claims (Severance Benefits). This Section expressly and explicitly includes among others Drs. Conrad and Miles as the holder of an insider subordinated unsecured claim.

To overcome the binding effect of the Order of Confirmation and the *res judicata* impact of the Order of Confirmation, Dr. Miles and Dr. Conrad contend that unless the Second Amended Plan clearly provides and unambiguously purports to modify a party's right, the Order of Confirmation does not operate as a bar for the treatment of a claim which is apparently contrary to the scheme of treatment of claims.

This is the linchpin of the argument of Drs. Miles and Conrad. Both doctors con-

tend that their right to distribution shall be that of a non-insider and, therefore, entitled to Class 3 treatment, that is, as general unsecured creditor even though the Confirmed Second Amended Plan clearly and unmistakably places their claims in Class 5B as a subordinated claim. This Court is in agreement with the proposition urged by the Distribution Agent that the treatment of a claim is governed by the Second Amended Plan and not by the provision of 502(h) which by itself only deals with allowance and, therefore, the Motions to Determine Priorities of Dr. Miles and Dr. Conrad shall be granted with the proviso however, that their right to the distribution is governed by the clear terms of the Confirmed Second Amended Plan, that is, Class 5B and, therefore, their contention to the contrary is rejected.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that James Conrad's Motion to Determine Priority of Section 502(h) Claim (Doc. No. 772) be, and the same is hereby granted with the proviso that Dr. Conrad's right to the distribution is governed pursuant to Class 5B of the Confirmed Second Amended Plan. It is further

ORDERED, ADJUDGED AND DE-CREED that William Miles' Motion to Determine Priority of Section 502(h) Claim (Doc. No. 773) be, and the same is hereby granted with the proviso that Dr. Miles' right to the distribution is governed pursuant to Class 5B of the Confirmed Second Amended Plan.